IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEROY WASHINGTON, | § | |
| Prisoner No. 0805908, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-cv-301-O |
| | § | |
| D. MILES BRISSETTE, et. al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Leroy D. Washington, proceeding pro se and *in forma pauperis*, filed a civil-rights complaint on April 13, 2022, and an amended complaint on May 25, 2022. Compl. & Second Am. Compl., ECF Nos. 1, 10. Washington alleges that Defendant, Officer #1 on Video (Officer #1), brutally assaulted him between April 22 and April 29. Second Am. Compl., ECF No. 10. He seeks to recover monetary damages under 28 U.S.C. § 1983.

On August 4, 2022, the Court ordered Washington to file a statement showing why his complaint against Officer #1 was not barred by the applicable statute of limitations. Order, ECF No. 27. After reviewing Washington's response, the Court finds that his civil-rights complaint should be dismissed as frivolous and for failure to state a claim upon which relief can be granted because it is barred by the relevant statute of limitations. Resp., ECF No. 28.

**I. FACTUAL BACKGROUND**

Washington complains that his civil rights were violated when police officers assaulted him when they booked him into the Tarrant County Jail. Second Am. Compl. 4, ECF No. 10. Washington alleges that Officer #1 grabbed him by his neck, choked him, and threw him against

the wall in a single cell. *Id*. He believes this happened at some time point between April 22, 2019 and April 29, 2019. *Id*.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a complaint if the Court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). A claim may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94 (5th Cir. 1994). "A complaint is legally frivolous if it is premised on an 'undisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281–82 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327.)

A review for failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

A court may dismiss a complaint sua sponte under § 1915 if the claim is barred by limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Federal courts apply the state's general personal injury limitation period to § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The applicable limitation period in Texas is two years. TEX. CIV. PRAC. & REM. CODE

§ 16.003(a); *see also Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995) (*Piotrowski I*). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Shelby v. City of El Paso*, 577 F. App'x 327, 331–32 (5th Cir. 2014).

### III. ANALYSIS

**1.     Claim Accrual**

In Washington's response to the Court's show-cause order, he briefly mentions the limitation period for his claim and states that he requested his defense counsel to file "complaints against officers at the Tarrant County jail and subpoena an [sic] request to obtain the video footage of the assault" but was ignored by his attorney. But Washington does not state when he requested his defense counsel to file complaints or obtain any discovery related to this particular assault.

The limitation period for a § 1983 claim begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (*Piotrowski II*) (citing *Russell v. Board of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). A plaintiff's awareness includes two components: (1) the existence of the injury itself; and (2) the causal connection between the injury and the defendant's actions. *Piotrowski II*, 237 F.3d at 576 (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)). "A plaintiff need not know that [h]e has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id*. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Piotrowski I*, 51 F.3d at 516.

Applying binding Fifth Circuit precedent, the Court finds that Washington's claim accrued sometime between April 22 and April 29, 2019, when he alleges the assault took place. Other than

alleging that the assault took place and there was possibly a video of the alleged assault from the Tarrant County Jail, Washington provides no further information to the Court. He also fails to provide the Court with any additional facts to demonstrate that his case is not time-barred.

As a result, the Court concludes that the limitation period began to run on his claim no later April 29, 2019—the last date he listed that the assault could have occurred—and expired two years later, on April 29, 2021. Thus, absent equitable tolling, Washington's complaint, filed April 13, 2022, was filed a year too late.

**2.       Equitable Tolling**

Equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). State principles governing equitable tolling apply in these cases. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Equitable tolling is appropriate where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jones*, 22 F.4th at 490 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling applies mainly where the "defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Id*. "A petitioner's failure to satisfy the statute of limitation must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). A "petitioner's failure to comply with state procedural law or general ignorance of the law do not qualify as extraordinary circumstances for the purpose of equitable tolling." *Jones*, 22 F.4th at 491.

Plaintiff's lack of due diligence is fatal to his argument for equitable tolling. Here, Washington filed his claim more than a year after the expiration of the limitation period, and he

does not meet the high bar required to demonstrate a need for the statute of limitations to be equitably tolled. Washington contends that he asked his criminal defense attorney to file the complaints against jail officers or obtain evidence to support his assault claim. However, he does not provide proof of these requests or specify when he made these requests. Additionally, he claims that he asked other attorneys from his defense counsel's firm that he said came to meet with him to investigate his claim of assault but also provides no specific details.

A plaintiff that exercised due diligence in pursuing their rights would likely at least inquire after making such requests, yet Washington does not state that he did so or took any other action. For these reasons, the Court concludes that equitable tolling of the statute of limitations is not warranted in this case. Washington's complaint is therefore barred by the statute of limitations.

Washington's action is DISMISSED with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), based on his failure to file suit against the named defendant within the statutory period of limitations.

**SO ORDERED** on this **7th day** of **September, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**